# 24-1298

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

AMERIWAY CORPORATION,

*Plaintiff - Counter-Defendant - Appellee,*

- v. -

MAY YAN CHEN,

*Defendant - Counter-Claimant - Third Party Plaintiff - Appellant,*

_____

On Appeal from the United States District Court for the

Southern District of New York (Honorable Judge Vernon S. Broderick)

_____

**APPELLANT'S OPENING BRIEF**

_____

Quynh Chen (CA SBN 292889)
Pro Hac Vice
Q. CHEN LAW
5940 Newpark Mall Road
Newark, California 94560
Tel.: (510) 764-8880
Fax: (510) 256-7567
Email: q@qchenlaw.com
Attorney for Defendant - Appellant
MAY YAN CHEN

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................2

TABLE OF AUTHORITIES ...........................................................3

INTRODUCTION ...........................................................................8

JURISDICTIONAL STATEMENT ................................................9

STATEMENT OF THE ISSUES ...................................................10

STATEMENT OF THE CASE ......................................................10

STANDARD OF REVIEW ...........................................................12

SUMMARY OF ARGUMENT .....................................................13

ARGUMENT ................................................................................14

  I.   PART ONE: SUBJECT MATTER JURISDICTION, STANDING, SUPPLEMENTAL JURISDICTION ................................................14

    A.  DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION OVER THE THIRD-PARTY COMPLAINT ...................................15

    B.  PLAINTIFF AMERIWAY LACKS STANDING TO BRING ANY OF ITS CLAIMS ...............................................................................17

      1.   Standing is A Prerequisite for Federal Jurisdiction ...............18

      2.   Article III Standing Requires Plaintiff Suffer An Injury In Fact ..........20

      3.   For Diversity Cases, Plaintiff Must Show Article III and State Law Standing ...............................................................................21

      4.  Ameriway Lacks An Injury In Fact In State Claims...............................22

        a.  Conversion ......................................................................22

        b.  Tortious Interference with Business Relationship and Prospective Economic Advantage....................................................................26

        c.  Unfair Business Practices ...............................................27

        d.  Defamation .....................................................................28

        e.  Fraud ..............................................................................31

        f.  Breach of Fiduciary Duty ...............................................32

        g.  Fraud ..............................................................................33

      5.  Ameriway Lacks RICO Standing ..........................................35

    C.  DISTRICT COURT CANNOT EXERCISE SUPPLEMENTAL JURISDICTION WHEN PLAINTIFF LACKS STANDING ........................36

  II.  PART TWO: MERITS - ABUSE OF DISCRETION ................................40

CONCLUSION .............................................................................43

CERTIFICATE OF COMPLIANCE ............................................45

CERTIFICATE OF SERVICE......................................................46

# TABLE OF AUTHORITIES

## Cases

*Albert v. Loksen,* 239 F.3d 256 (2d Cir. 2001) ....................................30

*Allen v. Wright,* 468 U.S. 737 (1984) .................................................36

*Am. Library Ass'n v. FCC,* 365 U.S. App. D.C. 207 (2005) ...............19

*Arbaugh v Y&H Corp.,* 546 US 500 (2006) ........................................16

*Arista Recs. LLC v. Doe 3,* 604 F.3d 110 (2d Cir. 2010) ....................31

*Associated Dry Goods Corp. v. Towers Fin. Corp.,* 920 F.2d 1121 (2d Cir. 1990) ....................................................................................38, 39

*Atares Bais Yaakov Academy of Rockland v. Town of Clarkstown,* 88 F.4th 344 (2d Cir. 2023) ........................................................................30

*Bank of India v. Trendi Sportswear, Inc.,* 239 F.3d 428 (2d Cir. 2000) .............38

*Behrens v JPMorgan Chase Bank, N.A.,* 96 F4th 202 (2d Cir. 2024) ...........14, 16

*Carlos F. Roses,* 177 U.S. 655 (1900) .................................................25

*Carlsbad Tech., Inc. v. HIF Bio, Inc.,* 556 U.S. 635 (2009) ...............37

*Central States Se. and Sw. Areas Health and Welfare Fund v. Merck-Medco Managed Care, L.L.C.,* 433 F.3d 181 (2d Cir. 2005) .........................19

*Citizens for Responsibility & Ethics in Wash. v. Trump,* 939 F.3d 131 (2d Cir. 2019) ............................................................................................30

*City of Long Beach v. Total Gas & Power N. Am., Inc.,* 465 F. Supp. 3d 416 (S.D.N.Y. 2020) .....................................................................................29

*Corp. v. Noonan,* 350 F.3d 6 (2d Cir. 2003) ......................................28

APPELLANT'S OPENING BRIEF

*Doctrine of Standing. M Kids, LLC v. Google LLC,* 963 F.3d 206 (2d Cir. 2020) ...............................................................................................................17

*Fried v. LVI Servs.,* 557 F. App'x 61 (2d Cir. 2014) ...........................................41

*G-I Holdings, Inc. v. Baron & Budd,* 238 F. Supp. 2d 521 (S.D.N.Y. 2002) .....36

*Green v. Dep't of Educ. of N.Y.,* 16 F.4th 1070 (2d Cir. 2021) ...........................18

*Heitmuller v. Stokes,* 256 U.S. 359 (1921) ..........................................................20

*Holmes v. Securities Investor Protection Corp.,* 503 U.S. 258 (1992) .........36, 40

*Israel v. Carpenter,* 120 F.3d 361 (2d Cir.1997) ................................................14

*Kemp v. United States,* 596 U.S. 528 (2022) .................................................42, 43

*Kwikset Corp.,* 246 P.3d ......................................................................................29

*Lance v. Coffman,* 549 U.S. 437 (2007) ........................................................19, 20

*Lujan v. Defs. of Wildlife* Controversies." , 504 U.S. 555 (1992) ......................19

*Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.,* 19 F.4th 58 (2d Cir. 2021) 29, 30, 31

*McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184 (2d Cir. 2007) ....................44

*Metro. Express Servs., Inc. v. City of Kansas City,* 23 F.3d 1367 (8th Cir. 1994) ...............................................................................................................22

*Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.,* 418 F.3d 168 (2d Cir. 2005) ...............................................................................................22

*Morrison v. National Australia Bank Ltd.* 547 F.3d 167 (2d Cir.2008) ..............16

*Nemaizer v. Baker,* 793 F.2d ...............................................................................42

*Nikon Inc. v. Ikon Corp.,* 987 F.2d 91 (2d Cir.1993) ..........................................43

4
APPELLANT'S OPENING BRIEF

*Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3d 147 (2d Cir. 2003) ........................................................22

*Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365 (1978) ...........................17

*Pennoyer v. Neff,* 95 U. S. 714, 24 L. Ed. 565 (1878) .........................................16

*Peralta v. Peralta, 16-cv-8890* (ALC), 2018 WL 1384509 (S.D.N.Y. Mar. 16, 2018) ...................................................................................................................39

*Premium Mortg. Corp. v. Equifax, Inc.,* 583 F.3d 103 (2d Cir. 2009) ...............24

*Rynasko v. N.Y. Univ.,* 63 F.4th 186 (2d Cir. 2023) ...............................24, 26, 27

*Sealand Serv. Inc. v. Remington Rantd Corp.,* 812 F.2d 713 (2d Cir. 1987) ......23

*SEC v. McNulty,* 137 F.3d 732 (2d Cir.1998) .................................................14, 43

*Shahriar v Smith & Wollensky Rest. Group, Inc.,* 659 F3d 234 (2d Cir.2011) ..14, 37, 38

*Sharma v. Skaarup Ship Mgmt. Corp.,* 916 F.2d 820 (2d Cir. 1990) .................28

*Shrader v. CSX Transp., Inc.,* 70 F.3d 255 (2d Cir.1995) ...................................14

*Small v. Lorillard Tobacco Co.,* 94 N.Y.2d 43, 720 N.E.2d 892, 698 N.Y.S.2d 615 (1999) .......................................................................................................33, 35

*Soule v. Connecticut Assoc. of Schools, Inc.,* 90 F.4th 34 (2d Cir. 2023) ...........30

*Spokeo, Inc. v. Robins,* 578 U.S. 330 (2016) ...............................................passim

*Steel Co. v. Citizens for Better Environment,* 523 U. S. 83 (1998) ..............16, 19

*Tasini v. N.Y. Times Co.,* 184 F. Supp. 2d 350 (S.D.N.Y. 2002) ........................21

*Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724 (2d Cir.1998) .....14, 42, 43

*Trollinger* 370 F.3d ...........................................................................................36

*Troyk v. Farmers Grp., Inc.,* 171 Cal. App. 4th 1305, 90 Cal. Rptr. 3d 589 (Ct. App. 2009) ........................................................................................29

*U.S. Fidelity & Guaranty Co. v. Royal National Bank,* 413 F. Supp. 43 (S.D.N.Y. 1976) .......................................................................................................23

*Union Car Advertising Co., v. Collier,* 263 N.Y. 386, 189 N.E. 463 .................28

*United States v. Hays,* 515 U.S. 737 (1995) .........................................................20

*V&A Collection, LLC v. Guzzini Props.,* 46 F.4th 127 (2d Cir. 2022) ..............23

*Valley Disposal, Inc. v. Central Vermont Solid Waste Mgmt. Dist.,* 31 F.3d 89 (2d Cir.1994) ....................................................................................................14

*Wachovia Bank, N. A. v. Schmidt,* 546 U. S. 303, 126 S. Ct. 941, 163 L. Ed. 2d 797 (2006) ......................................................................................................16

*Whitmore v. Arkansas,* 495 U.S. 149 (1990) .......................................................19

*Wittman v. Personhuballah,* 578 U.S. 539 (2016) ...............................................17

*Zervos v. Verizon N.Y., Inc.,* 252 F.3d 163 (2d Cir.2001) ..................................43

**Federal Statutes**

18 U.S.C. § 1964 ...........................................................................................10

28 U.S.C ........................................................................................................18

28 U.S.C. § 1291 ...........................................................................................11

28 U.S.C. § 1331 ...........................................................................................18

28 U.S.C. § 1332 ...........................................................................................18

28 U.S.C. § 1367 ....................................................................................18, 37

28 U.S.C. §§ 1332 ............................................................................10, 37, 38

APPELLANT'S OPENING BRIEF

49 U.S.C.S. § 80101 ........................................................................24

49 U.S.C.S. § 80103 ........................................................................24

**Rules**

Federal Rule of Appellate Procedure 4 ............................................43

Federal Rule of Civil Procedure 8 ...................................................18

**Constitutional Provisions**

Article III of the United States Constitution .................................17, 19, 37, 38

APPELLANT'S OPENING BRIEF

# INTRODUCTION

Buried under the innumerous pages of filings in the district court is a rather simple case. Plaintiff Ameriway Corporation ("**Ameriway**") sued an individual, May Chen, and a non-existent company for stealing its containers. However, Ameriway does not own or have possessory interest in the containers. May Chen imported the containers for Eagle Trading USA, LLC ("**Eagle**") and Eagle is the owner of the containers. Ameriway does not have constitutional standing to bring this action against May Chen because Ameriway does not own the containers.

Instead of filing a motion to dismiss, May Chen was advised by her prior attorneys to file a third-party complaint ("**TPC**"), without considering the issues of the Article III standing ("**Standing**") and subject-matter jurisdiction ("**SMJ**"). The TPC sounds in contract and is silent as to SMJ.

In dismissing the TPC on the merits, the district court noted the lack of SMJ over the TPC but exercised supplement jurisdiction based on federal question jurisdiction in Ameriway's RICO claims. May Chen filed a timely Rule 60 Motion to point out factual mistakes and erroneous assumptions made by the district court in its dismissal. The district court denied the Rule 60 Motion in a brief paragraph without acknowledging the declaration of facts. May Chen files this timely appeal of the denial of the Rule 60 Motion.

APPELLANT'S OPENING BRIEF

The material facts of this case is that May Chen contracted with, imported containers for, and invoiced only Eagle for her services. Ameriway does not have Standing to sue May Chen under the Eagle contract for Eagle's containers or to take issue of the invoices to Eagle.

This Appellant Opening Brief will discuss the issues herein in two parts. Part One discusses whether the district court had SMJ, Standing, or supplemental ancillary jurisdiction over the TPC and the main case filed by Ameriway. Part Two discusses whether the district court committed any reversible error in denying the timely filed Rule 60 Motion. However, if this Court believes that the district court lacks jurisdiction, then the analysis should stop at Part One and need not proceed to Part Two on the merits.

If there is no federal jurisdiction, this entire case should be dismissed **without** prejudice, so that it may be properly adjudicated under the correct plaintiff and in the correct court.

## JURISDICTIONAL STATEMENT

According to the plaintiff's second amended complaint paragraph 4, the district court has subject matter jurisdiction under 28 U.S.C. §§ 1332 diversity jurisdiction. According to the district court's order granting the motion to dismiss Appellant's third-party complaint, the district court has subject matter jurisdiction under 28 U.S.C. §§ 1332 federal question of plaintiff's RICO claim under 18

U.S.C. § 1964(a). This Appellant Opening Brief asserts that the plaintiff has no Standing and the district court thus lacks any subject matter jurisdiction.

On May 9, 2024, May Chen timely filed a notice of appeal (Doc. 194 (A-257)) of the district court's April 9, 2024 final order denying her Rule 60 Motion (Doc. 193 (A-250)). The Rule 60 Motion (Docs. 99-101 (A-107-A-201)) is for relief from a December 27, 2021 order dismissing the entirety of Appellant's third-party complaint on the merits. (Doc. 81 (A-95).) This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

1. Whether the district court had federal jurisdiction, subject matter jurisdiction, or supplemental ancillary jurisdiction.

2. Whether the District Court abused its discretion in denying a Rule 60(b) motion seeking relief from an order dismissing a third-party complaint on the merits, without leave to amend.

## STATEMENT OF THE CASE

On January 21, 2020, plaintiff Ameriway Corporation ("**Ameriway**") filed a second amended complaint ("**SAC**") with eight claims based on its alleged contract with defendant May Chen ("**May Chen**") and a non-existent entity[1]. (Doc. 21 (A-

---

[1] Other than as alleged in the SAC, the entity Ability Customs, Inc. does not appear in any contract or on any other evidence in this case.

1).) On July 31, 2020, May Chen filed a third-party complaint for breach of contract between her and an entity named Eagle Trading USA, LLC ("**Eagle**"). (Doc. 41 "**TPC**" (A-35).) On October 20, 2020, third-party defendants ("**TPD**") moved to dismiss the TPC under FRCP Rule 12(b)(6) ("**MTD**"). (Doc. 59 (A-54).) On December 30, 2020, May Chen requested in a letter for a conference to "set a schedule for responsive briefs" for the MTD. (Doc. 60. (A-81).) TPD filed a letter that May Chen had 21 days to respond to the MTD under "the FRCP." (Doc. 61 (A-86).) May Chen responded in a letter to request for a briefing schedule to respond to the MTD. (Doc. 62 (A-54).)

On October 7, 2021, the district court ordered that it will consider the MTD unopposed. (Doc. 70 (A-91).) On December 27, 2021, the district court granted the MTD based on supplemental jurisdiction on a RICO claim. (Doc. 81 "**12/27/21 Orde**r" (A-95).)

On March 3, 2022, May Chen filed a FRCP Rule 60 motion for relief from the 12/27/21 Order granting the MTD. (Docs. 99-101 ("**Rule 60 Motion**") (A-107-A-201).) On March 14, 2022, TPD filed an opposition to the Rule 60 Motion. (Doc. 103 (A-347).) On April 9, 2024, the district court denied the Rule 60 Motion. (Doc. 193 (A-365).) On May 9, 2024, Appellant timely filed a notice of appeal of the district court's April 9, 2024 final judgment denying her Rule 60 Motion. (Doc. 194 (A-257).)

Ameriway's eight claims are rooted on its allegation that it owns the containers that were allegedly stolen by May Chen. (Doc. 21 SAC (A-1).) The **First** claim of Conversion (SAC ¶¶ 83-91 (A-1)), **Second** claim for Tortious Interference with Business Relationship and Prospective Economic Advantage (SAC ¶¶ 92-95 (A-1)), **Third** claim for Unfair Business Practice (SAC ¶¶ 92-95 (A-1)), **Fifth** claim for Fraud (SAC ¶¶ 102-105 (A-1)) and **Sixth** claim for Breach of Fiduciary Duty (SAC ¶¶106-109 (A-1)) are based on Ameriway's false allegation that it owned the five containers that May Chen alleged stole.

Ameriway's **Fourth** claim for Defamation (SAC ¶ 101 (A-1)) is based on statements made in two emails regarding Eagle's shipments, where such emails never mentioned or referenced Ameriway. Ameriway's **Seventh** claim for Federal Civil RICO (SAC ¶¶ 110-128 (A-1)) and **Eighth** claim for Fraud (SAC ¶¶ 129-132 (A-1)) are based on Ameriway's false allegation that Defendant contracted and invoiced Ameriway.

May Chen's TPC breach of contract claim for failure to pay invoices is against Eagle Trading USA, LLC ("**Eagle**") and two officers of Eagle.

## STANDARD OF REVIEW

The appellate court reviews de novo a district court's "legal conclusion as to whether subject-matter jurisdiction exists." *Behrens v JPMorgan Chase Bank,*

*N.A.,* 96 F4th 202, 206 (2d Cir. 2024) citing *A&B Alt. Mktg. Inc. v. Int'l Quality Fruit Inc.*, 35 F.4th 913, 915 (2d Cir. 2022).

Exercise of supplemental jurisdiction is reviewed for abuse of discretion. S*hahriar v Smith & Wollensky Rest. Group, Inc*., 659 F3d 234, 243 (2d Cir.2011); *see Valley Disposal, Inc. v. Central Vermont Solid Waste Mgmt. Dist.*, 31 F.3d 89, 103 (2d Cir.1994).

Denials of FRCP Rule 60(b) are reviewed for abuse of discretion. *Transaero, Inc. v. La Fuerza Aerea Boliviana* 162 F.3d 724, 729 (2d Cir.1998); *SEC v. McNulty,* 137 F.3d 732, 738 (2d Cir.1998); *Israel v. Carpenter,* 120 F.3d 361, 365 (2d Cir.1997); *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir.1995).

## SUMMARY OF ARGUMENT

This Appellant Opening Brief will discuss the issues herein in two parts. Part One will be focused on whether the federal court has jurisdiction over this case. First, it discusses subject matter jurisdiction over defendant-appellant May Chen's third-party complaint. Second, it discusses whether plaintiff-appellee Ameriway has constitutional standing to bring its second amended complaint. Third, it discusses whether the district court can exercise supplemental ancillary jurisdiction over the TPC.

Part Two will discuss whether the district court committed any reversible error in denying the timely filed Rule 60 Motion. However, if this Court believes that the district court lacks jurisdiction, then the analysis should stop at Part One and need not proceed to Part Two on the merits of the case.

If there is no federal jurisdiction, this entire case should be dismissed **<u>without</u>** prejudice, so that the case may be properly adjudicated under the correct plaintiff and in the correct court. In the alternative, the TPC should be dismissed without prejudice to be filed in state court.

## ARGUMENT

## I. PART ONE: SUBJECT MATTER JURISDICTION, STANDING, SUPPLEMENTAL JURISDICTION

The district court lacks jurisdiction to adjudicate the defendant-appellant May Chen's third-party complaint (Doc. 41 "**TPC**" (A-35)) and the plaintiff Ameriway's second amended complaint. (Doc. 21 "**SAC**" (A-1).) In dismissing the TPC on the merits, the district court concluded that it lacked subject matter jurisdiction ("**SMJ**") over the TPC, but exerted supplemental jurisdiction ("**SJ**") based on a federal RICO claim in the SAC. Appellant agrees that there is no SMJ over the TPC but that Ameriway lacks standing to bring the claims in the SAC. Therefore, the district court does not have jurisdiction to adjudicate the SAC or the TPC.

## A. DISTRICT COURT LACKS SUBJECT MATTER JURISDICTION OVER THE THIRD-PARTY COMPLAINT

The district court lacks SMJ over the TPC. A threshold inquiry is whether a federal court lacks subject matter jurisdiction. *Steel Co.* v. *Citizens for Better Environment*, 523 U. S. 83, 89 (1998)*; Morrison v. National Australia Bank Ltd.* 547 F.3d 167, 170 (2d Cir.2008). Without subject matter jurisdiction, a federal court does not have power to adjudicate the merits of the case. *Steel Co.* v. *Citizens for Better Environment*, 523 U. S. 83, 89 (1998); *Wachovia Bank, N. A.* v. *Schmidt*, 546 U. S. 303, 316, 126 S. Ct. 941, 163 L. Ed. 2d 797 (2006); *Pennoyer* v. *Neff*, 95 U. S. 714, 733, 24 L. Ed. 565 (1878). The issue of subject matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation. *Arbaugh v Y&H Corp.*, 546 US 500, 506-07 (2006).

The district court concluded that there is no basis for SMJ over the TPC. (Doc. 81, p. 7 (A-95) ("Because Chen fails to allege a federal cause of action or a basis for diversity jurisdiction, there is no independent basis for subject matter jurisdiction over the Third-Party Complaint.").) Because the appellate court reviews *de novo* a district court's "legal conclusion as to whether subject-matter jurisdiction exists", this Opening Brief will do an independent analysis on SMJ. *See Behrens v JPMorgan Chase Bank, N.A.,* 96 F4th 202, 206 (2d Cir. 2024).

Federal SMJ was born in the Constitution and later defined by Congress and the Judiciary. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016). The Constitution

separated the three governmental powers and placed judicial power in Article III. *Id*. The first clause entitled "Subjects of Jurisdiction" limits judicial power to "cases" and "controversies" arising, *inter alia*, from the laws of the United States. USCS Const. Art. III, § 2, Cl 1; *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016). The "Subjects of Jurisdiction" became known as "subject matter jurisdiction."

From the "Subjects of Jurisdiction" Clause, Congress created Title 28 of the US Code, Part IV titled "jurisdiction and venue" to define the judicial powers to hear only specific types of cases. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372 (1978) ("jurisdiction of the federal courts is limited not only by the provisions of Art. III of the Constitution, but also by Acts of Congress.") Not to be outdone, the Judiciary flexed its judicial power granted by the "Subjects of Jurisdiction" Clause, to create their own interpretation of the clause called the Doctrine of Standing. *M Kids, LLC v. Google LLC*, 963 F.3d 206, 211 (2d Cir. 2020) (Standing limits the SMJ of the federal courts to "Cases" and "Controversies.")[2]; *Wittman v. Personhuballah*, 578 U.S. 539, 543 (2016) (Federal courts have SMJ only if constitutional standing requirements are satisfied.)

A party desiring a district court to hear their case must be able to satisfy **both** the Congressional Chapter 85 of USC Title 28 **and** the Judiciary's Doctrine

---

[2] The Doctrine of Standing appears to be created in two Supreme Court cases in 1920 while Congressional definitions of SMJ began at the Judiciary Act of 1789 and culminated into the current Title 28 of the USC.

of Standing before they can metaphorically step in a federal court. Chapter 85 defines 39 situations that allow a district court "original jurisdiction to hear a matter. 28 U.S.C. ¶¶1330-1369. But for litigation between two private litigants, a plaintiff must allege either a federal question under 28 U.S.C. § 1331 or diversity under 28 U.S.C. § 1332. FRCP Rule 8(a)(1).

Here, the TPC fails to state any SMJ at all. (*See generally* TPC (A-35).) In regards to diversity jurisdiction, the TPC is silent as to the physical location of any of the parties. As to federal question jurisdiction, the TPC asserts state contract law. There is no SMJ under Chapter 85 of 28 USC to hear this case and the TPC thus should be dismissed without prejudice. *Green v. Dep't of Educ. of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021) (Dismissals for lack of SMJ must be without prejudice because the district court lacks the power to adjudicate the merits of the case - Article III deprives federal courts of the power to dismiss with prejudice.)

After concluding no jurisdiction, the district court proceeded to assert supplemental jurisdiction based on SMJ on Ameriway's 28 U.S.C. § 1367(a) RICO claim in the SAC. (Doc. 81, pp. 7-8 (A-95).) We now turn to whether the district court has SMJ over any of Ameriway's claims in the SAC.

## B. PLAINTIFF AMERIWAY LACKS STANDING TO BRING ANY OF ITS CLAIMS

The SAC does not have SMJ under the Doctrine of Standing.

### 1. Standing is A Prerequisite for Federal Jurisdiction

Standing is a prerequisite to invoke federal jurisdiction. *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990); *Am. Library Ass'n v. FCC*, 365 U.S. App. D.C. 207, 210 (2005) ("Article III standing is a prerequisite to federal court jurisdiction.") Article III of the United States Constitution created, but at the same time limited, the "judicial Power" to hear only "Cases" and "Controversies." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992); *Lance v. Coffman*, 549 U.S. 437, 439 (2007). The Constitution does not define "Cases" and "Controversies," thus the Supreme Court created the doctrine of standing to determine if there is a case and controversy. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) ("The standing doctrine is rooted in the traditional understanding of a case or controversy to prevent federal courts from exceeding their authority.") Federal courts must determine that they have federal jurisdiction before proceeding to the merits. *Steel Co.* v. *Citizens for Better Environment*, 523 U.S. 83, 94-95 (1998). Where the litigant lacks standing, this Court also lacks subject matter jurisdiction over that party's case, *Central States Se. and Sw. Areas Health and Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005).

Standing cannot be waived and may be raised for the first time at any stage of the litigation. *United States v. Hays*, 515 U.S. 737, 742 (1995). Even if the

parties failed to raise the issue, the federal courts are under an independent obligation to examine their own jurisdiction, and the doctrine of **standing** "is perhaps the most important of [the jurisdictional] doctrines." *Id*. citing *FW/PBS, Inc.* v. *Dallas,* 493 U.S. 215, 230-231 (1990).

The elements of standing are injury in fact, causation, and redressability. *Lance v. Coffman*, 549 U.S. 437, 439 (2007); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (The "irreducible constitutional minimum" elements to standing: "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.") The plaintiff invoking federal jurisdiction bears the burden of establishing these elements. S*pokeo, Inc. v. Robins*, 578 U.S. 330, 338 citing *FW/PBS, Inc. v. Dallas,* 493 U. S. 215, 231 (1990). The plaintiff must clearly allege facts demonstrating each element. S*pokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) citing *Warth*, at 518. If the plaintiff fails to make the necessary allegations, then they have no standing. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990).

The court may review evidence extrinsic to the pleadings and court records to determine standing when there is a factual challenge. *Heitmuller v. Stokes*, 256 U.S. 359, 362 (1921) ("such a fact [of no controversy], when not appearing on the record, may be proved by extrinsic evidence."); *Tasini v. N.Y. Times Co.*, 184 F.

Supp. 2d 350, 354 (S.D.N.Y. 2002) citing *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) ("When a <u>factual</u> jurisdictional challenge is involved, the court is permitted to refer to evidence extrinsic to the pleadings.")

### 2. Article III Standing Requires Plaintiff Suffer An Injury In Fact

Ameriway failed to show an injury in fact in accordance with the Standing Doctrine. To show an injury in fact, a plaintiff must show that it suffered (1) "an invasion of a legally protected interest" that (2) is "**concrete** and **particularized**" and (3) "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) citing *Lujan*, 504 U. S., at 560.

The Supreme Court in *Spokeo* further clarified that courts must separately evaluate "**particularized**" injury and "**concrete**" injury. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016). A "**particularized**" injury "must affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016). In other words, the plaintiff must allege that the plaintiff was injured, not the injury of others, and the plaintiff must have a "personal stake in the outcome of the controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) citing *Warth v. Seldin*, 422 U. S. 490, 498 (1975). A "**concrete**" injury must be "*de facto*" and actually exist. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016).

### 3. For Diversity Cases, Plaintiff Must Show Article III and State Law Standing

Plaintiff alleges diversity jurisdiction in the SAC. (Doc. 21, ¶ 4 (A-1).) When jurisdiction is predicated on diversity of citizenship, a plaintiff must have standing under both Article III and applicable state law in order to maintain a cause of action. *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 173 (2d Cir. 2005) citing *Bano v. Union Carbide Corp.*, 361 F.3d 696, 713-14 (2d Cir. 2004) (applying federal law of standing in a diversity action and holding that plaintiff organizations lacked standing to bring damages claims belonging to their members); *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 156-57 (2d Cir. 2003) (applying state law of standing in a diversity action to determine if plaintiffs had standing to bring claims of breach of fiduciary duty and breach of contract); *Metro. Express Servs., Inc. v. City of Kansas City*, 23 F.3d 1367, 1369-70 (8th Cir. 1994) (holding that a plaintiff in a diversity action must establish standing under applicable state law as well as under Article III).

Because the district court applied New York state law and the laws have comparable elements, Appellant applies New York state law in the below analysis. However, whether New York state law or California state law applies in a diversity jurisdiction should be adjudicated as a separate matter.

### 4. Ameriway Lacks An Injury In Fact In State Claims

The SAC alleges seven state law claims for Conversion (SAC¶¶ 83-91 (A-1)), Tortious Interference with Business Relationship and Prospective Economic Advantage (SAC¶¶ 92-95 (A-1)), Unfair Business Practice (SAC¶¶ 92-95 (A-1)), Defamation (SAC ¶ 101 (A-1)), Fraud (SAC¶¶ 102-105 (A-1)), Breach of Fiduciary Duty (SAC¶¶106-109 (A-1)), and Fraud (SAC¶¶ 129-132 (A-1)).

### a. Conversion

The SAC alleges that May Chen stole five containers from Ameriway but the five containers do **not** belong to Ameriway. Under New York law, the "[t]wo key elements of conversion are (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights." *V&A Collection, LLC v. Guzzini Props.*, 46 F.4th 127, 133 (2d Cir. 2022); *Sea-Land Serv., Inc. v. Remington Rand Corp.*, No. 84 Civ. 177 (LBS), 1986 U.S. Dist. (S.D.N.Y. Aug. 7, 1986) *aff'd sub nom. Sealand Serv. Inc. v. Remington Rantd Corp.*, 812 F.2d 713 (2d Cir. 1987) (Plaintiff must demonstrate "legal ownership or an immediate possessory right superior to that of defendants'" and that "the defendants exercised unauthorized dominion over the property to the exclusion" of the plaintiff's rights.) It is essential that the person claiming conversion have the right to **immediate** possession. *U.S. Fidelity & Guaranty Co.* v. Royal National Bank, 413 F. Supp. 43, 48 (S.D.N.Y. 1976)).

"A non-party to a contract governed by New York law lacks standing to enforce the agreement in the absence of terms that 'clearly evidence an intent to permit enforcement by the third party' in question." *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) (quoting *Fourth Ocean Putnam Corp. v. Interstate Wrecking Co.*, 66 N.Y.2d 38, 45, 485 N.E.2d 208, 495 N.Y.S.2d 1 (1985)) (alteration omitted). A non-party of contract, who pays for the consideration of the contract lacks Article III and state standing to sue on behalf of the party that the non-party paid for. *Rynasko v. N.Y. Univ.*, 63 F.4th 186, 194 (2d Cir. 2023) (Mother who paid her daughter's tuition lacks federal and state standing to sue University when the contract is between the university and the Mother's child.)

The SAC identified **five** containers at issue by their container numbers: APHU7253481, BMOU5390536, BMOU4739454, HLXU8057236, and OOCU6964350 (SAC ¶¶ 27, 31-35 (A-1).) Appellant attached with this brief the bill of lading for each of these container numbers. (A-258) (The container numbers are located at the bottom left of the box that states "Container No.").

On each of the bill of lading, there is a consignee. (A-258) Each of the bill of lading is labeled as such at the top. (A-258). "A bill of lading is nonnegotiable if the bill states that the goods are to be delivered to a consignee." 49 U.S.C.S. § 80103(b)(1). The "'consignee'" means the person named in a bill of lading as the person to whom the goods are to be delivered." 49 U.S.C.S. § 80101(1). "[T]he

legal effect of a bill of lading was to vest the ownership in the consignees." *The Carlos F. Roses*, 177 U.S. 655, 683 (1900).

The consignee on each of the bills of lading is "EAGLE TRADING USA LLC." (A-258.) Furthermore, the import papers for these papers indicate the Importer of Record as "EAGLE TRADING USA LLC." (A-266) The broker and "notify party" importing on behalf of the importer is May Chen or Ability Customs Brokers as seen in the bill of lading and importing papers. (A-266).) Eagle granted May Chen the power of attorney to import these containers on its behalf. (POA (A-193). The POA states in relevant parts that the grantor is "Eagle Trading USA LLC" that "constitutes and appoints May Y Chen DBA Ability Customs Brokers" as its grantee. ((A-193)). The POA sets out a list of granted powers related to the entry and transport of merchandise through the U.S. Customs & Border Protection. (A-193). One of the powers granted to May Chen is the power to "[m]ake endorsements on bills of lading conferring authority to transfer title." (A-193)). The POA shows that the signatory is "Xiyan Zhang" as the "COO" of Eagle. (A-193.)

More importantly, the SAC states that there does **not** exist a bill of lading that would show Ameriway as the owners of the containers at issue. (SAC ¶ 62 (A-

1)) ("Ameriway did not issue BOLs for the six[3] containers at issue.")) At the same time the SAC asserts that the bill of lading determines the ownership of containers (SAC ¶¶ 54-62 (A-1).) Plaintiff then fails to attach any bill of lading in its 18 attachments. (See generally SAC (A-1).) Therefore, Ameriway has no possessory interest, immediate or otherwise, in these five containers.

Article III Standing requires that the plaintiff Ameriway alleges that Ameriway was injured and not just the injury of others, and the injury must exist. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) (injury must be particularized and concrete.) Here, the SAC states that Ameriway is not the owner of the five containers. Also, extrinsic evidence shows that May Chen imported the containers for Eagle - the true owners. No injury exists as to Ameriway.

In the *Rynasko* case, this Court explains that as "a non-party to the contract between Emily and NYU, Rynasko lacks legally enforceable expectations about Emily's NYU educational experience. Consequently, she suffered no cognizable injury in fact when NYU suspended in-person classes, activities, and services in response to the COVID-19 pandemic." *Rynasko v. N.Y. Univ.*, 63 F.4th 186, 195 (2d Cir. 2023) Similarly here, as a non-party to the contract between May Chen and Eagle, Ameriway lacks legally enforceable expectations about Eagle's

---

[3] The SAC identifies a sixth Container No. OOLU9537235 but states that Ameriway has possession of the container and hence it is not at issue. SAC ¶ 36.

experience with May Chen such that Ameriway suffered no cognizable injury in fact when and if May Chen seized Eagle's containers.

Amongst many contradictory statements, the SAC appears to assert that it signed a POA with May Chen (SAC ¶ 8 (A-1)) and then jumped to the conclusion that he owns Eagle's containers (SAC ¶¶ 50-53 (A-1)), then the SAC states "**there was simply no contract executed between defendants and Ameriway**" (SAC ¶ 88 (A-1). Ameriway failed to submit any such POA between May Chen and Ameriway to contradict its own statement that it had no contract with May Chen. May Chen never contracted, signed a POA or provided any work for Ameriway. (Doc. 100 "**May Chen Decl.**" p. 7 (A-109)

Ameriway is a non-party to a contract and lacks Article III Standing and state standing to enforce the agreement between May Chen and Eagle. *Rynasko v. N.Y. Univ.*, 63 F.4th 186, 195 (2d Cir. 2023).

### b. Tortious Interference with Business Relationship and Prospective Economic Advantage

To successfully plead a claim for tortious interference with a prospective business relationship, a Plaintiff must allege the following: (1) a business relationship with a third party; (2) the defendant's knowledge of that relationship and the intentional interference with it; (3) that the defendant acted solely out of malice, or used dishonest, unfair, or improper means; and (4) the defendant's interference caused injury to the relationship. *Kirch v. Liberty Media Corp.*, 449

F.3d 388, 401-02 (2d Cir. 2006) (citing *Carvel Corp. v. Noonan*, 350 F.3d 6, 17

(2d Cir. 2003). Additionally, plaintiffs must show that defendant's interference was

the "but for" cause of the alleged injury. *Union Car Advertising Co., v. Collier*, 263

N.Y. 386, 400-401, 189 N.E. 463. To demonstrate "but for" causation, a plaintiff

must show that any injury would not have occurred but for the intentional

interference. *Sharma v. Skaarup Ship Mgmt. Corp.*, 916 F.2d 820, 828 (2d Cir.

1990).

The SAC fails to allege a particularized and concrete injury, causation, or

redressability. First the SAC is silent as to the injury suffered. (SAC ¶ 92- 95 (A-

1).) Second, the sole act for the basis of this claim is that May Chen illegally seized

"Plaintiff's containers" and there is no causation or redressability for the

interference of relations. May Chen imported the five containers identified in the

SAC for Eagle, under a Power of Attorney granted by Eagle, it cannot be logically

concluded that May Chen seized "Plaintiff's containers."

### c.  Unfair Business Practices

The SAC fails to allege a particularized and concrete injury. The SAC

describes that May Chen dissolved a company named Ability Customs, Inc. in

2018 and that "Plaintiff would have immediately terminated its relationship with

Ability had Ms. Chen disclosed the truth about its dissolution." (SAC ¶¶ 97, 100.)

There is no description of any injury concrete or particularized. Also, Plaintiff had no relationship with May Chen or Ability Customs, Inc. to be terminated.

The SAC fails to indicate what statute it is referencing. To the extent it is describing California UCL, the requirements for statutory standing under the UCL are similar, but "more stringent than the federal standing requirements." *Troyk v. Farmers Grp., Inc.*, 171 Cal. App. 4th 1305, 90 Cal. Rptr. 3d 589, 625 n.31 (Ct. App. 2009). The UCL's injury-in-fact requirement "has the same meaning as it does for Article III standing." *City of Long Beach v. Total Gas & Power N. Am., Inc.*, 465 F. Supp. 3d 416, 448 (S.D.N.Y. 2020), *aff'd*, No. 20-2020, 2021 U.S. App. (2d Cir. 2021); *Kwikset Corp.*, 246 P.3d at 885 (applying the federal standard in defining this element of the UCL). However, the UCL's requirement that a plaintiff's injury involve lost money or property is more limiting than the federal injury-in-fact requirement does. *Kwikset Corp.*, 246 P.3d at 886.

The SAC fails to allege a particularized and concrete injury that involves the loss of money or property based on a dissolution of a company.

### d. Defamation

The SAC fails to allege a particularized and concrete injury for defamation. Under state law "unless the defamatory matter is communicated to a third person there has been no loss of reputation." *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 65 (2d Cir. 2021) citing Restatement of Torts § 577 cmt. b;

*Albert v. Loksen*, 239 F.3d 256, 269 (2d Cir. 2001) ("A defamatory writing is not published if it is read by no one but the one defamed.'" (quoting *Ostrowe v. Lee*, 256 N.Y. 36, 38, 175 N.E. 505 (1931) (Cardozo, C.J.))). The risk of the alleged defamed party may have suffered a nebulous risk of future harm but not alleged to have materialized, cannot not form the basis of Article III standing. *Maddox v. Bank of N.Y. Mellon Tr. Co.*, N.A., 19 F.4th 58, 65 (2d Cir. 2021)

An injury is "concrete" if it is "real, and not abstract." *Soule v. Connecticut Assoc. of Schools, Inc.,* 90 F.4th 34, 45 (2d Cir. 2023) (citation omitted). An injury is "actual or imminent" if it has actually happened or is "certainly impending." *Id.* (citation omitted). The "causal connection" element of standing, which is also described as "the requirement that the plaintiff's injury be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court, does not create an onerous standard." *Atares Bais Yaakov Academy of Rockland v. Town of Clarkstown*, 88 F.4th 344, 352-353 (2d Cir. 2023). "It requires no more than de facto causality." *Id.* at 353. It does not require that the plaintiff plead facts to support an inference of proximate causation. *Id.* Finally, "[t]o satisfy the redressability element of Article III standing, a plaintiff must show that it is likely, as opposed to merely speculative, that the alleged injury will be redressed by a favorable decision." *Soule,* 90 F.4th at 47*; Citizens for Responsibility & Ethics in Wash. v. Trump*, 939 F.3d 131, 144 (2d Cir. 2019), as

amended (Mar. 20, 2020) ("To satisfy the 'traceability' or 'causation' prong of the Article III standing test, allegations must provide more than 'unadorned speculation' to 'connect their injury to the challenged actions."

The SAC describes the injury to be: "On information and belief, Ms. Chen has also defamed Plaintiff's name to its customers, which has directly resulted in a loss of sales. (SAC ¶ 101.) Factual allegations on information and belief should be rejected unless "the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." *Arista Recs. LLC v. Doe* 3, 604 F.3d 110, 120 (2d Cir. 2010)

Here, the facts of Ameriway injury, namely "loss of sales", is within the possession and control of Ameriway. As alleged, Plaintiff has no present evidence of defamation or loss of sales, but merely believes such loss may occur. This risk of future harm that is not alleged to have materialized cannot form the basis of Article III standing. *Maddox v. Bank of N.Y. Mellon Tr. Co.*, N.A., 19 F.4th 58, 65 (2d Cir. 2021).

Furthermore, Ameriway states that May Chen reported "Ameriway" to the government, which is protected activity, but submits two emails as evidence that does not mention Ameriway at all. (Doc. 21-13 ((A-31)), Doc. 21-14 (A-33).) In Exh. M, May Chen emails Dawny (dawny.shen@nclogisitics.com) with the subject

matter listing three of Eagle's containers "RE: OOCU6964350, HLXU8057236, and APHU7253481." (A-31). In the email itself, May Chen only mentions the "shipper" and "consignee", which we established above, is not Ameriway. The substance of the email is to report the accounts of government agencies.

In Exh. N, May Chen emails Dawny again with the subject matter listing one of Eagle's containers APHU7253481 and another container not at issue in this case. (A-33). The emails discuss criminal reporting related to these containers. Neither Exh. M or N mentions Ameriway.

Ameriway, as a third party, cannot allege Article III Standing or defamation standing on behalf of others. Ameriway failed to allege an injury in fact, causation, or redressability. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016).

### e. Fraud

Ameriway's first allegation of fraud is based on the pure fiction that May Chen imported the five subject containers for Ameriway under the entity "**Ability Customs, Inc.**" until the Plaintiff filed this action. (SAC ¶103. (A-1)). When May Chen dissolved the company in "secret", Ameriway suffered the harm of "carriers then asserted a lien on Plaintiff's cargo, causing financial and reputational damage to Plaintiff." (SAC ¶ 105.) Specifically, the underlying acts of fraud is "filing papers with CBP and issuing POA's in Ability's name." (SAC ¶103. (A-1))

To allege fraud under New York law, a plaintiff must allege "a representation of material fact, falsity, scienter, reliance and injury." *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 57, 720 N.E.2d 892, 698 N.Y.S.2d 615 (1999).

Plaintiff has failed to sufficiently plead any particularized and concrete *See Small*, 94 N.Y.2d at 57 (dismissing common law fraud claim upon finding plaintiff failed to plead injury on their N.Y.G.B.L. claim).

The bill of lading for each of the five containers shows the owner as Eagle and the notify party as "Ability Customs Brokers." (A-258). The power of attorney between Eagle and May Chen states in relevant parts that the grantor is "Eagle Trading USA LLC" that "constitutes and appoints May Y Chen DBA Ability Customs Brokers" as its grantee. (A-193). Again there is no mention of Ameriway or this entity "**Ability Customs, Inc.**"

Ameriway, as a third party and not the owner of these containers, cannot allege Article III Standing or fraud standing on behalf of others. Injury in fact requires a particularized injury to the Plaintiff and not to others. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339.

### f. Breach of Fiduciary Duty

Ameriway states that a fiduciary relationship existed between May Chen and Ameriway because "Plaintiff executed a POA with Ability, giving the latter

permission to conduct customs business with CBP on Plaintiff's behalf." (SAC ¶ 107. (A-1)). Ameriway alleges that May Chen breached fiduciary duty when she "illegally seize Plaintiff's containers over a billing dispute." (SAC ¶ 108. (A-1)).

First, the five containers at issue are owned by Eagle, see above bill of lading explanation, and Eagle granted May Chen the power of attorney to move these containers. Whether Ameriway has a separate power of attorney with May Chen is irrelevant to the power of attorney between May Chen and Eagle.

The POA states in relevant parts that the grantor is "Eagle Trading USA LLC" that "constitutes and appoints May Y Chen DBA Ability Customs Brokers" as its grantee.(A-193). The POA sets out a list of granted powers related to the entry and transport of merchandise through the U.S. Customs & Border Protection. (A-193). One of the powers granted to May Chen is the power to "[m]ake endorsements on bills of lading conferring authority to transfer title.*" (A-193)

Ameriway, as a third party and not the owner of these containers, cannot allege Article III Standing or fiduciary under contract standing on behalf of others. Injury in fact requires a particularized injury to the Plaintiff and not to others. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016).

### g. Fraud

Ameriway's second claim for fraud is based on May Chen inducing "Plaintiff to pay secretly inflated charges for carrier and warehousing services

based on false invoices." (SAC ¶ 130. (A-1)) Ameriway alleges that May Chen violated federal law by concealing her profits from Ameriway for two years. (SAC ¶ 132. (A-1)) There are no allegations of injury.

To allege fraud under New York law, a plaintiff must allege "a representation of material fact, falsity, scienter, reliance and injury." *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 57, 720 N.E.2d 892, 698 N.Y.S.2d 615 (1999). Because Plaintiff has failed to sufficiently plead injury as to Defendant's alleged pricing scheme, his common law fraud claim is also dismissed for failure to plead an injury. *Small*, 94 N.Y.2d at 57 (dismissing common law fraud claim upon finding plaintiff failed to plead injury on their N.Y.G.B.L. claim).

Here, there are no injuries alleged and also lack of redressability. The mere allegation that May Chen did not disclose her profit in violation of federal law does not automatically entitle Ameriway to Article III standing or standing to fraud.

Of factual interest, the SAC links this fraud claim to the same five "illegally seized Plaintiff's containers". (SAC ¶ 132. (A-1)). These containers belong to Eagle according to the importing papers. Eagle granted the powers of attorney to May Chen to move these containers. May Chen also invoiced Eagle for these subject containers. (A-109). There are no invoices where May Chen invoiced Ameriway. (A-109). Ameriway never submitted any invoices or POA with May

Chen that would support standing while admitting the SAC states that Ameriway is not on the bill of lading.

Ameriway, as a third party and not the owner of these containers and the subject of these invoices, cannot allege Article III Standing or fraud standing on behalf of others. Injury in fact requires a particularized injury to the Plaintiff and not to others. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339

### 5. Ameriway Lacks RICO Standing

The SAC alleged one federal claim under Federal Civil RICO. (SAC ¶¶ 110-128 (A-1)). RICO standing is a threshold concept that implicates constitutional, prudential, and statutory limitations. *Trollinger* 370 F.3d at 612; *Allen v. Wright*, 468 U.S. 737, 750-51 (1984) ("In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute" and characterizing the inquiry as whether the plaintiff has the right to file a lawsuit).

The RICO plaintiff must show that he was the **intended target** of the RICO scheme. *G-I Holdings, Inc. v. Baron & Budd,* 238 F. Supp. 2d 521, 549 (S.D.N.Y. 2002). The Supreme Court states that a plaintiff has standing only when there is a direct relationship between a plaintiff's injury asserted and defendant's injurious conduct, where **unintended harm to a third party** will not confer RICO standing. *Holmes v. Securities Investor Protection Corp.,* 503 U.S. 258, 268 (1992) ("a plaintiff who complains of harm flowing merely from the misfortunes visited upon

a third person by the defendant's acts, generally stands at too remote a distance to recover"); s*ee Spinale v. US*, No. 03 Civ. 1704, (2004).

As the SAC states "**there was simply no contract executed between defendants and Ameriway**" (SAC¶ 88 (A-1). May Chen invoiced Eagle for her services (Doc. 198) but have never invoiced Ameriway. (Doc 100 (A-109) ("Ameriway was not my customer.")).

## C. DISTRICT COURT CANNOT EXERCISE SUPPLEMENTAL JURISDICTION WHEN PLAINTIFF LACKS STANDING

The district court does not have discretion to exercise supplemental jurisdiction over the TPC when Plaintiff lacks Article III standing to bring the SAC claims. 28 U.S.C. §§ 1367(a), (c); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (A federal court has discretion to exercise supplemental jurisdiction over related state claims if it has original jurisdiction.) 28 U.S.C. § 1367(a) states in relevant parts:

> "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

Assuming *arguendo* that Ameriway has standing to bring claims on behalf of another, then Appellant's position is that the exercise of supplemental jurisdiction was an abuse of discretion. S*hahriar v Smith & Wollensky Rest. Group,*

*Inc.*, 659 F3d 234, 243 (2d Cir.2011) (Exercise of supplemental jurisdiction is reviewed for abuse of discretion.)

First the TPC must be "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §§ 1367(a), "For purposes of section 1367(a), claims form part of the same case or controversy if they derive from a common nucleus of operative fact." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (quotation marks omitted).

"Ancillary and pendent jurisdiction are related, but distinct, concepts. *Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 436 (2d Cir. 2000). "[A]ncillary jurisdiction involves claims made by parties other than the plaintiff which have no independent subject matter jurisdictional basis. *Id.*

The basic requirements for ancillary jurisdiction are the main claim and the third-party claim must arise from a "common nucleus of operative facts" and that the posture in which the third-party claim is asserted be considered. *Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 437 (2d Cir. 2000) (citing *Kroger*, 437 U.S. at 374-77) "The Supreme Court noted in *Owen* that '[a] third-party complaint depends at least in part upon the resolution of the primary lawsuit." *Associated Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1126 (2d Cir. 1990) citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978) "Its relation to

the original complaint is thus not mere factual similarity but logical

dependence.'"*Associated Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121,

1126 (2d Cir. 1990) citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S.

365, 57 L. Ed. 2d 274, 98 S. Ct. 2396 (1978)

Here, there is no logical dependence. In its 12/27/21 Order, the district

court's supplemental jurisdiction analysis is stated in a brief paragraph:

> Here, Chen's "state law" claims and Ameriway's "RICO claim[] arise
> from a common nucleus of operative fact." *See Peralta v. Peralta*, 16-
> cv-8890 (ALC), 2018 WL 1384509, at *11 (S.D.N.Y. Mar. 16, 2018).
> Both concern the course of dealing among Chen, Ameriaway, and
> Eagle Trading. (*See, e.g.*, SAC ¶¶ 116–18 (arguing a RICO claim is
> demonstrated based on Chen's billing practices); TPC ¶ 34–36
> (asserting that Eagle Trading has failed to pay Chen customs brokers
> fees and other invoiced costs).) Therefore, I will exercise
> supplemental jurisdiction over the Third-Party Complaint.

(Doc. 81, p. 8 (A-95)).

The district court erroneously conflated the parties' relationship with each

other. Ameriway alleges that it granted power of attorney to May Chen to import

on behalf of Ameriway. (*See generally* SAC.) May Chen alleges a breach of

contract between May Chen and Eagle and liability to be extended to Eagle's

officers Xiyan Zhang, and Shiping Jia. The first page of the TPC reads:

> Third-Party Plaintiff **MAY YAN CHEN d/b/a ABILITY
> CUSTOMS BROKERS** (hereinafter "Chen") by her attorney,
> Shayne Law Group, P.C. as and for her Third-Party Complaint as
> against **EAGLE TRADING USA, LLC., XIYAN ZHANG and
> SHIPING JIA**

(Doc. 41[4] "TPC" (emphasis in original.) (A-35)).

The TPC's sole issue is that the entity Eagle Trading USA LLC failed to pay May Chen for her services (Doc 41 ¶ 113 (A-35)). The co-defendants and officers of Eagle, Xiyan Zhang and Shiping Jia, should be liable for the unpaid invoices due to allegations of individual culpability. (*See generally* TPC. (A-41).). May Chen is not suing Ameriway.

The district court erroneously read "Eagle" into Ameriway's RICO claims when Ameriway is specifically alleging that Ameriway is the target of the RICO claims. In light of the fact that RICO claims do not confer standing to third parties, Ameriway **must** allege that it is the target of the RICO claims for standing. *Holmes v. Securities Investor Protection Corp.,* 503 U.S. 258, 268 (1992).

A *Kroger* analysis must also show that the third-party complaint does not logically depend on the resolution of the primary lawsuit. See *Associated Dry Goods* citing *Kroger*. The district court first error is conflating the parties. It also erred in failing to look at whether there is a logical dependence of the TPC on the SAC. In order to say there is a common nucleus, the district court must rule that

---

[4] (1) Implied Guarantee of Payment, (2) Guarantee of Payment, (3) Misrepresentation, (4) Fraud In The Inducement, (5) Declaratory Judgment That Zhang And Jia Are Liable For Unpaid Invoices Issued By Chen To Eagle Trading Usa Llc, (6) Breach Of Contract As Against Eagle Trading Usa Llc, (7) Unjust Enrichment- Quantum Meruit, and (8) Account Stated

May Chen's TPC against Eagle for unpaid invoices must logically depend on the resolution of Ameriway's lawsuit for RICO invoices against Ameriway.

Ameriway's RICO claims lack allegation of an injury-in-fact but even assuming **arguendo** that Ameriway gets an adjudication that May Chen inflated Ameriway's invoices - Eagle's invoices must also be addressed separately. RICO standing is unique to one party only and extrapolating this ruling to all of May Chen's clients would be a violation of the doctrine of res judicata. *Fried v. LVI Servs.*, 557 F. App'x 61, 63 (2d Cir. 2014) (same parties and cause of action required.).

Therefore, because the TPC would not be resolved if the RICO matter was resolved either for or against Ameriway, there is no logical dependence in these two cases. It is an abuse of discretion to exercise supplemental jurisdiction on the TPC based on the RICO claim.

## II.  PART TWO: MERITS - ABUSE OF DISCRETION

If this Court believes that Ameriway has Standing and jurisdiction to proceed to the merits of this case, then the district court's denial of May Chen's Rule 60 Motion is reversible error.

The district court abused its discretion to deny the Rule 60 Motion, by ignoring May Chen's declaration, to conclude that the only mistake stems from May Chen's attorney's ignorance of the law. (Doc. 193 p. 6 (A-365).) May Chen's

declaration is detailing the district court's mistake in assessment of the evidence. *Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir.1998).

On March 3, 2022, May Chen filed a Rule 60 Motion for relief from the 12/27/21 Order granting the MTD the TPC. (Docs. 99-101 (A-107 - A-201).) The Rule 60 Motion contained a memorandum of points of authorities (Doc. 101 (A-201)), a declaration by May Chen (Doc. 100 (A-109)), and eleven. On April 9, 2024, the district court denied the Rule 60 Motion in one brief paragraph:

> However, even if I consider Chen's motion to be timely under Rule 60(b), the relief Chen seeks—another opportunity to brief her opposition to the matters decided in the TPC Opinion after she failed to timely oppose the motion to dismiss her pleadings—is not available under Rule 60(b). The only part of Rule 60(b) Chen cites in her briefing on the Motion is Rule 60(b)(1), which provides for relief due to "mistake, inadvertence, surprise, or excusable neglect." (MTR Br. 19 (quoting Fed. R. Civ. P 60(b)(1)).[] However, the Second Circuit has "consistently declined to relieve a client under subsection (1) . . . due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload." Nemaizer v. Baker, 793 F.2d at 62 (internal quotation marks omitted).

(Doc. 193, pp. 6-7 (A-365).)

Federal Rule of Civil Procedure 60(b)(1) and (c)(1) permits a district court to reopen a judgment for "mistake, inadvertence, surprise, or excusable neglect," as long as the motion is filed "within a reasonable time," and, at most, one year after the entry of the order under review. *Kemp v. United States*, 596 U.S. 528, 531 (2022). Appeal of a denial of a Rule 60 motion can be filed within 30 days of the denial under Fed. Rule App. Proc. 4(a)(1)(A). *Kemp v. United States*, 596 U.S.

41

528, 537 (2022). The word "mistake" in Rule 60(b)(1) includes mistakes of law or fact that were made by the parties or **by the district judge**. *Kemp v. United States*, 596 U.S. 528, 534-535 (2022).

Denials of FRCP Rule 60(b) are reviewed for abuse of discretion. *Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir.1998); *SEC v. McNulty,* 137 F.3d 732, 738 (2d Cir.1998). Discretion is abused when the denial is based on erroneous view of the law or assessment of the evidence. *Transaero, Inc. v. La Fuerza Aerea Boliviana,* 162 F.3d 724, 729 (2d Cir.1998) citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405 (1990); *Zervos v. Verizon N.Y., Inc*., 252 F.3d 163, 169 (2d Cir.2001)*; Nikon Inc. v. Ikon Corp.,* 987 F.2d 91, 94 (2d Cir.1993)).

Here, May Chen's declaration asserts that her TPC is suing only Eagle and not Ameriway. (Doc. 100, pp. 2-7 (A-109).) Next May Chen's declaration asserts that she doesn't have a POA, containers, or invoices with Ameriway contrary to the SAC. (Doc. 100, pp. 2-7 (A-109).)

The MPA was not eloquently written. However, it does identify the legal basis of Rule 60(b)(1), while the supporting affidavit identified the mistake in fact. The mistake in fact is that the TPC involves only May Chen and Eagle, while the SAC only involves May Chen and Ameriway, where each contractual relationship are separate issues to be determined separately.

The mistake in fact forms the basis for the district court to assert supplemental jurisdiction. The district court concludes that the TPC and SAC "form part of the same case and controversy" because May Chen's state law claims and Ameriway's RICO claim arise from a common nucleus of operative fact. The district court could not see past the word "invoices" and failed to conduct a "logical dependence test" for ancillary jurisdiction.

Furthermore, when a district court dismisses claims based on a deficient pleading, it is usual practice to allow leave to replead unless there is good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party," *McCarthy v. Dun & Bradstreet Corp*., 482 F.3d 184, 200 (2d Cir. 2007).

May Chen's declaration shows there was no good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party that would foreclose amendment. Here, the district court dismissed on deficient pleading and was silent on leave to amend without stating any reasoning to allow amendment.

## CONCLUSION

For the above reasons, Appellant respectfully requests this Court to dismiss May Chen's third-party complaint and Ameriway's second amended complaint for lack of federal jurisdiction, without prejudice. In the alternative, Appellant respectfully requests that this Court dismiss the TPC without prejudice or reverse the denial of the Rule 60 Motion.

Respectfully submitted,

Dated: August 21, 2024

_____

Quynh Chen (CA SBN 292889)
Pro Hac Vice
Attorney for Defendant - Appellant
May Chen
Q. CHEN LAW
5940 Newpark Mall Road
Newark, CA 94560
Tel: (510) 764-8880
Fax: (510) 256-7567
Email: Q@qchenlaw.com

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the foregoing Appellant Opening Brief for Defendant - Appellant complies with the type of volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 8,617 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

The undersigned further certifies that this brief complies with typeface requirements of Fed. R. App. P. 32(a)5 and the type style of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman.


Dated: August 21, 2024

_____
Quynh Chen (CA SBN 292889)
Pro Hac Vice
Attorney for Defendant - Appellant
May Chen
Q. CHEN LAW
5940 Newpark Mall Road
Newark, CA 94560
Tel: (510) 764-8880
Fax: (510) 256-7567
Email: Q@qchenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2024, I electronically filed the foregoing Appellant Opening Brief for Defendant - Appellant with the Clerk of the Court of the U.S. Court of Appeals for the Second Circuit by using the Appellate CM/ECF system. All participants are registered CM/ECF users, and will be served by the Appellate CM/ECF system.

Dated: August 21, 2024

_____
Quynh Chen (CA SBN 292889)
Pro Hac Vice
Attorney for Defendant - Appellant
May Chen
Q. CHEN LAW
5940 Newpark Mall Road
Newark, CA 94560
Tel: (510) 764-8880
Fax: (510) 256-7567
Email: Q@qchenlaw.com